STATE OF NORTH CAROLINA

COUNTY OF HALIFAX

F I L E D

2020 JAN 14 P 2: 16

HALIFAX CO., C.S.C.

BY _____

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO. 20 CVS 38

ERIC CENTENO,

           *Plaintiff,*

    v.

HALIFAX COUNTY SHERIFF WES
TRIPP, in his individual and official
capacities, WARREN AARON SMITH, in
his individual capacity, and JOHN DOE
CORPORATION, in its capacity as Surety
on the Official Bond of the Sheriff of Halifax
County,

           *Defendants.*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**COMPLAINT**
**(Jury Trial Demanded)**

COMES NOW Plaintiff Eric Centeno and states the following as his Complaint against

Defendants Wes Tripp, individually and in his official capacity as Sheriff of Halifax County,

North Carolina; Warren Aaron Smith; and John Doe Corporation, in its capacity as surety on the

official bond of the Sheriff of Halifax County:

## INTRODUCTION

1. On June 12, 2017, Plaintiff Eric Centeno had a minor argument with his wife and

police were called to his home. Defendant Warren Aaron Smith, then a Deputy Sheriff with the

Halifax County Sherriff's Office, arrived at Centeno's home after the argument. After Smith

placed Centeno's wife and daughter in handcuffs, Centeno attempted to explain what had

happened. Smith threatened to arrest Centeno. Without any justification, Smith then grabbed

Centeno, and swung him off of a porch and onto the ground such that Plaintiff hit his shoulders

and head. Smith then pulled and twisted Centeno's arm behind his back, flipped Centeno over,

1

and slammed his face into a concrete walkway. Smith then arrested Centeno for assault on a female and resisting arrest.

2.    Later that day, officers took Centeno to the emergency room, where he was treated for significant injuries. Smith's attack on Centeno caused severe physical and emotional injuries, including damage to Centeno's shoulder, arm, and face.

3.    Smith was subsequently terminated from the Halifax County Sherriff's Office for his conduct on June 12, 2017. All charges against Centeno were eventually dismissed.

4.    Centeno brings this suit because Defendants' conduct violated his rights under the United States Constitution and law of North Carolina.

## JURISDICTION AND VENUE

5.    This action is brought pursuant to 42 U.S.C. § 1983 for acts committed by Defendants under color of state law that deprived Plaintiff of her rights under the Fourth and Fourteenth Amendments of the United States Constitution. This case also arises under the common law of the State of North Carolina.

6.    The Superior Court of the General Court of Justice has jurisdiction over this matter pursuant to N.C. Gen. Stat. §§ 7A-240, 7A-243, and 7A-245.

7.    All material events giving rise to this cause of action occurred in Wake County, North Carolina. Venue is proper in this Court pursuant to N.C. Gen. Stat. §§ 1-77 and 1-82.

## PARTIES

8.    Plaintiff Eric Centeno is a citizen and resident of Halifax County, North Carolina.

9.    During the incident at issue, Defendant Warren Aaron Smith was an officer with the Halifax County Sheriff's Office. Upon information and belief, Defendant Smith is a citizen and resident of Halifax County, North Carolina.

2

10. Defendant Wes Tripp has been the Sheriff of Halifax County, North Carolina since August 2013. Upon information and belief, Defendant Tripp is a citizen and resident of Halifax County. He is being sued in his individual and official capacities.

11. Defendant John Doe Corporation is a fictitious name for the Surety on the official bond of Defendant Tripp as Sheriff of Halifax County pursuant to N.C. Gen. Stat. § 162-8 and § 58-76-5, whose identity is presently unknown to Plaintiff. The true name of the corporation will be substituted for the fictitious name once the corporation's identity is learned.

12. Upon information and belief, Defendant Tripp is protected by a bond issued by the Surety, and the Surety is a corporation authorized to conduct business in the State of North Carolina. Plaintiff institutes this action individually and, with respect to the claims on the official bond of Defendant Tripp, also on behalf of the State of North Carolina pursuant to N.C. Gen. Stat. § 58-76-5, *et seq*.

13. Upon information and belief, Defendant Tripp is insured by one or more policies of liability insurance purchased pursuant to N.C. Gen. Stat. § 153A-435 or other applicable state law with respect to all acts and omissions complained of herein, or participates in a government risk pool pursuant to N.C. Gen. Stat. § 58-23-5, or maintains a funded reserve, and to such extent, Defendant Tripp has waived any official, sovereign, qualified or governmental immunity to which he might otherwise be entitled in his official capacity.

## FACTS

14. Plaintiff Eric Centeno is a citizen and resident of Halifax County, North Carolina. Centeno is a thirty-five year old male. Centeno lived with his wife and two stepdaughters, ages 14 and 15, at the time of the incident.

3

15. Centeno served in the military for eight years before being honorably discharged in 2011. Centeno was employed at an ACE hardware distribution center at the time of the incident.

16. On the morning of June 12, 2017, Centeno got into an argument with his wife. Centeno's 14-year-old stepdaughter called the police.

17. Defendant Smith, then a Deputy with the Halifax County Sheriff's Office, arrived at Centeno's home in response to the call. Centeno's argument with his wife had stopped by the time that Smith arrived at Centeno's home.

18. Smith briefly spoke with Centeno's wife and stepdaughter on the front porch of the home. Centeno walked outside onto the porch. Smith then placed Centeno's wife in handcuffs.

19. Centeno tried to explain what happened to Smith. Smith told Centeno to "shut your mouth" and threatened to "beat" Centeno.

20. Smith told Centeno that he was having a bad day and would arrest Centeno if he did not remain quiet. Centeno asked Smith what basis there was for arresting him.

21. Smith then grabbed Centeno, pulled Centeno down the steps leading to the front porch, and swung Centeno onto the ground. Centeno landed on his back and hit his head. While Centeno was lying on the ground, Smith twisted Centeno's arm behind his back. Smith then flipped Centeno over, handcuffed him, and pressed his face into the concrete walkway.

22. Smith took Centeno into his police car and threatened to close the door on Centeno's legs if he did not hurry to get into the car.

4

23.     Centeno pleaded with Smith to release his wife and stepdaughter. Shortly afterward, a lieutenant from the Halifax County Sheriff's Office arrived at Centeno's home. The lieutenant released Centeno's wife and stepdaughter.

24.     Smith initially took Centeno to jail, but Smith was then directed to take Centeno to the emergency room at Halifax Regional Medical Center. Centeno was in the emergency room for several hours.

25.     After leaving the emergency room, Centeno was taken to jail, processed, and released that afternoon. Centeno was charged with resisting arrest and assault on a female. After his release, Centeno returned to the emergency room because of his injuries.

26.     Smith was eventually terminated from his position with the Halifax County Sheriff's Office based on the incident with Centeno. All criminal charges against Centeno were eventually dismissed.

27.     Smith's attack on June 12, 2017, damaged Centeno's shoulder, arm, and eye. Following the attack, Centeno experienced headaches and nausea.

28.     Centeno suffered extreme anxiety after he was attacked by Smith. Centeno was previously treated for post-traumatic stress disorder ("PTSD") after his honorable discharge from the military. Smith's attack exacerbated Centeno's PTSD.

### FIRST CAUSE OF ACTION
**(42 U.S.C. § 1983 and U.S. Const. Amend. IV – Excessive Force)**

29.     The allegations in the preceding paragraphs are incorporated by reference.

30.     This claim under 42 U.S.C. § 1983 is brought against Defendant Smith in his individual capacity.

5

31. Defendant Smith had no legal justification for using any force against Plaintiff. Plaintiff did not pose any threat to Defendant. An objectively reasonable officer in Defendant Smith's circumstances would not have concluded that any facts justified the use of any force against Plaintiff.

32. Defendant Smith was at all relevant times acting under color of law as an officer of the Halifax County Sherriff's Office.

33. Defendant Smith's conduct was objectively unreasonably under the facts and circumstances then existing.

34. Defendant Smith's misconduct deprived Plaintiff of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

35. Plaintiff's right not to be subjected to such unconstitutional conduct was clearly established at the time of the misconduct.

36. As a proximate result of Defendant Smith's misconduct, Plaintiff has suffered physical injuries, emotional distress, humiliation, loss of reputation, and other damages.

37. Defendant Smith's actions were done maliciously, willfully, or wantonly, or in a manner that demonstrates reckless disregard for Plaintiff's rights. As a result of Defendant's conduct, Plaintiff is entitled to recover punitive damages.

## SECOND CAUSE OF ACTION
### (Assault)

38. The allegations in the preceding paragraphs are incorporated by reference.

39. This claim is brought against Defendant Smith in his individual capacity, and against Defendant Tripp in his individual and official capacities.

6

40. Defendant Smith acted with the intent to cause apprehension of an imminent offensive or harmful conduct.

41. Because of Defendant Smith's actions, Plaintiff reasonably feared that he would be harmed or subjected to offensive contact.

42. As a proximate result of Defendant Smith's wrongful conduct, Plaintiff has suffered emotional distress humiliation, loss of reputation, and other damages.

43. Defendant's actions were done maliciously, willfully, or wantonly, or in a manner that demonstrates a reckless disregard for Plaintiff's rights. As a result of Defendant's conduct, Plaintiff is entitled to recover punitive damages.

44. Because Defendant Smith's misconduct occurred in the course and scope of his work as a Deputy of Defendant Sheriff Tripp, Defendant Tripp is liable for the misconduct in his individual and official capacities.

## THIRD CAUSE OF ACTION
### (Battery)

45. The allegations in the preceding paragraphs are incorporated by reference.

46. This claim is brought against Defendant Smith in his individual capacity, and against Defendant Tripp in his individual and official capacities.

47. Defendant Smith intentionally touched Plaintiff against his will.

48. Defendant Smith lacked any lawful justification for touching Plaintiff against his will. Defendant Smith's use of force was not necessary in the proper discharge of his duties.

49. As a proximate result of Defendant Smith's wrongful conduct, Plaintiff has suffered physically injuries, emotional distress, humiliation, loss of reputation, and other damages.

7

50. Defendant Smith's actions were done maliciously willfully or wantonly or in a manner that demonstrates a reckless disregard for Plaintiff's rights. As a result of Defendant Smith's conduct Plaintiff is entitled to recover punitive damages.

51. Because Defendant Smith's misconduct occurred in the course and scope of his work as a Deputy of Defendant Sheriff Tripp, Defendant Tripp is liable for the misconduct in his individual and official capacities.

## PRAYER FOR RELIEF

Based on the foregoing, Plaintiff prays for the following relief:

1. That the Court declare that Defendants' practices complained of herein are unlawful under the United States Constitution and the law of North Carolina;

2. That the Court enter judgement in favor of Plaintiff and against Defendants for compensatory damages in an amount in excess of $25,000, with the exact amount of the damages to be determined by a jury and the interest to be determined by the Court;

3. That the Court enter judgement in favor of Plaintiff and against Defendants for punitive damages in an amount in excess of $25,000, with the exact amount of the damages to be determined by a jury.

4. That the costs of this action be taxed against Defendants.

5. That the Court award Plaintiff reasonable attorneys' fees as provided by 42 U.S.C. § 1988;

6. That the court grant Plaintiff a trial by jury; and

7. Such other and further legal and equitable relief as this court deems necessary, just, and proper.

8

This the 13th day of January, 2020.

PATTERSON HARKAVY LLP

BY: _____

Paul E. Smith, NC Bar No. 45014
psmith@pathlaw.com
Narendra K. Ghosh, NC Bar No. 37649
nghosh@pathlaw.com
Trisha S. Pande, NC Bar No. 53573
tpande@pathlaw.com
100 Europa Dr. Suite 420
Chapel Hill, North Carolina 27517
(919) 942-5200

*Counsel for Plaintiff*

9