IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:20-CV-33-D

| ERIC CENTENO, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | **PROTECTIVE** |
| vs. | ) | **ORDER** |
| | ) | |
| HALIFAX COUNTY SHERIFF WES | ) | |
| TRIPP, in his official capacity, WARREN | ) | |
| AARON SMITH, in his individual | ) | |
| capacity, and THE OHIO CASUALTY | ) | |
| INSURANCE COMPANY, in its capacity | ) | |
| as Surety on the Official Bond of the | ) | |
| Sheriff of Halifax County, | ) | |
| | ) | |
| Defendants. | ) | |

THIS MATTER COMES before the Court upon Plaintiff's *Motion for Entry of Protective Order* seeking authorization from the Court to disclose certain materials sought by the Plaintiff from the North Carolina State Bureau of Investigations in discovery that may otherwise be confidential and protected from disclosure.

Following the 2017 encounter that is the subject of this lawsuit, the North Carolina State Bureau of Investigations conducted its own investigation of the encounter between Plaintiff Eric Centeno and Defendant Warrant Aaron Smith. In the course of discovery, Plaintiff has requested the North Carolina State Bureau of Investigations to produce all documents and recordings related to that investigation.

FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED THAT:

1. The North Carolina SBI is authorized to disclose all documents and recordings related to its investigation of the June 2017 encounter between Plaintiff Eric Centeno and Defendant Warren Aaron Smith.

2. Any documents produced by the North Carolina SBI pursuant to this order asserted by the NC SBI to contain or constitute confidential information, shall be clearly and prominently marked on its face with the legend: "CONFIDENTIAL BY PROTECTIVE ORDER" or a comparable notice. Such information may be disclosed at any hearing, trial, or other proceeding in this action only as set forth herein.

3. If at any time a party objects to a designation of information as being confidential, the objecting party shall notify the designating party in writing. The objecting party shall identify the information in question, and shall specify in reasonable detail the reason or reasons for the objection. Within five calendar days of the receipt of such notice, the designating party and objecting party shall meet and confer in an effort to resolve their differences. Within ten calendar days of the receipt of such notice, the designating party may apply for a ruling on the continued designation of the information as confidential. The confidentiality of the information shall be maintained until the Court rules otherwise; provided, however, that, if no application to the Court is submitted within the ten-day period, the information shall be deemed not to contain confidential information. If the designating party and the objecting party cannot resolve their differences, either party may apply to the Court for a ruling.

4.  In the absence of written permission from the designating party, or by order of the Court, confidential information produced by the NC SBI shall not be disclosed to any person other than:

(i) The Court and the employees thereof.

(ii) Court reporters and stenographers engaged for the taking of testimony.

(iii) The parties to this action and their counsel, including necessary secretarial, paralegal and clerical personnel assisting such counsel.

(iv) Experts and their staff who are employed for the purposes of this litigation but who are not otherwise employed by, consultants to, or otherwise affiliated with a party.

(v) Any witness, potential witness, deponent or potential deponent in this action who is first advised of the terms and conditions of this Order and signs a written agreement to be bound by the terms of this Protective Order. Any party may request that the deponent agree on the record to be bound by this order, and if the deponent refuses, the requesting party may request a delay pending a motion to the Court. Any documents produced pursuant to this order shall be used solely for the purpose of this original action and in preparation for trial.

(vi) Outside contractors hired to copy, index, sort, or otherwise manage the storage and retrieval of such information, provided that the contractor is advised that the documents are subject to a protective order.

(vii) Any jurors or alternate jurors that may be empaneled for purposes of trial.

3

5. Documents designated as confidential in accordance with the provisions above shall not be made available to any person designated in paragraph 4(iv), (v) or (vi) unless he or she shall have first read this Order and shall have agreed, in writing, to be bound by the terms of this Protective Order.

6. Upon request by counsel for any party, the respective designating party may agree, without further Court order, that disclosure of confidential information or criminal investigative reports, record and/or recordings to a person or category of persons not listed in Paragraph 4 above may be made to such person or category of persons. Counsel for any party may also make application to the Court to allow the disclosure of confidential information or criminal investigative reports or records governed by this document to persons other than those set forth in Paragraph 4 above. If the Court orders, or if the designating party agrees, that access to, or dissemination of, information obtained as confidential personnel information or criminal investigative reports or records shall be made to persons not included in Paragraph 4 above, such matters shall only be accessible to, or disseminated to, such persons based upon the conditions pertaining to, and obligations arising from this Order, and such persons shall be considered subject to it.

7. Any confidential information submitted to the Court in connection with a motion or other proceeding within the purview of this action shall be submitted under seal pursuant to Local Rule 79.2. The party seeking to file materials under seal shall file a motion to seal and submit a supporting memorandum that specifies: (i) The exact document or item, or portions thereof, for which the filing under seal is requested; (ii) How such request to seal overcomes the common law or the First Amendment presumption to access;

4

(iii) The specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access; (iv) The reasons why alternatives to sealing are inadequate; and (v) Whether there is consent to the motion. Any portion of a transcript in connection with this action containing any confidential personnel information submitted shall be bound separately and filed under seal. A party may designate such portions of the transcript by a statement to that effect on the record by counsel for either side during or before the close of the deposition or hearing, or in writing within thirty (30) days of the designating party's receipt of any transcript thereof. When any confidential personnel or other information is included in an authorized transcript of a proceeding or exhibits thereto, arrangements shall be made with the court reporter recording the proceeding to bind such confidential portions and separately label them "CONFIDENTIAL BY PROTECTIVE ORDER."

8. If designated confidential information is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to this disclosure to opposing counsel and the Court, and, without prejudice to other rights and remedies of the other party, make every reasonable effort to prevent further disclosure by it or by the person who was the recipient of such information.

9. Upon final adjudication of this action, all confidential information subject to the provisions of this order (including any copies made and/or computer materials made or stored) shall be (a) returned to counsel for the designating party or (b) the same (including copies made and/or computer materials made or stored) shall be destroyed. Each party,

5

however, shall be permitted to retain copies of Court filings containing such documents, deposition transcripts and all of their respective work product, which shall continue to be subject to the provisions of this Order, and counsel for any party may retain one copy of all documents designated confidential for retention in their files pursuant to applicable Bar rules and regulations.

10. Designating parties shall be allowed to redact from said confidential records and information Social Security Numbers, birth dates, home addresses, and financial information.

SO ORDERED, this the **23** day of July, 2021.

_____
Robert B. Jones, Jr.
United States Magistrate Judge

6